# EXHIBIT A
# (State Court Pleadings)

No. _24A04970_____

Date Summons Issued and Filed
_____8/28/2024_____

/s/ Monica Gay
_____
Deputy Clerk

Deposit Paid $ _____

[] **ANSWER**

[] **JURY**

**STATE COURT OF DEKALB COUNTY**
GEORGIA, DEKALB COUNTY

**SUMMONS**

Vicky Patterson, as Surviving Daughter and as Anticipated Administrator
_____

of the Estate of Patricia Daniel, Deceased
_____
(Plaintiff's name and address)

**vs.**

Lake City Nursing and Rehabilitation, LLC
_____

_____

_____
(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Joseph S. Knight, Brooks Injury Law, LLC
_____
(Name)
4036 Wetherburn Way, Peachtree Corners, GA 30092
_____
(Address)
678-813-2202                                              205544
_____
(Phone Number)                        (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

Defendant's Attorney _____

_____

Address _____

_____
Phone No. _____  Georgia Bar No. _____

Third Party Attorney _____

_____

Address _____

_____
Phone No. _____  Georgia Bar No. _____

**TYPE OF SUIT**

☐ Account
☐ Contract
☐ Note
☐ Trover

☐ Personal Injury
X Medical Malpractice
☐ Legal Malpractice
☐ Product Liability
☐ Other

Principal      $ _____

Interest        $ _____

Atty Fees     $ _____

☐ Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

STATE COURT OF
DEKALB COUNTY, GA.
8/28/2024 3:46 PM
E-FILED
By: Monica Gay

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **VICKY PATTERSON, as Surviving Daughter and as Anticipated Administrator of the Estate of PATRICIA DANIEL, Deceased,** | |
| **Plaintiff,** | CIVIL ACTION FILE NO.: 24A04970 |
| **v.** | |
| **LAKE CITY NURSING AND REHABILITATION, LLC, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, ABC CORPORATION 1, ABC CORPORATION 2, and ABC CORPORATION 3,** | |
| **Defendants.** | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Vicky Patterson, as Surviving Child and Anticipated Administrator of the Estate of Patricia Daniel, deceased, and files this Complaint for Damages stating claims against the above-named Defendant, showing this honorable Court as follows:

## CONDITIONS PRECEDENT

1.

Pursuant to O.C.G.A. § 9-11-9.1(a), attached hereto and incorporated herein by reference as Exhibit "A" is the affidavit of Karon Goldsmith, RN (hereinafter, "Nurse Goldsmith"), who is qualified as an expert witness on the issues raised in this Complaint.

STATE COURT OF
DEKALB COUNTY, GA.
8/28/2024 3:46 PM
E-FILED
BY: Monica Gay

1

2.

Nurse Goldsmith's affidavit specifies at least one negligent act or omission on the part of nurses, nursing assistants, certified nursing care technicians, aides, techs, and the like (collectively, "nursing and auxiliary personnel") who were actual or apparent employees or agents of Defendant Lake City Nursing and Rehabilitation Center, LLC (hereinafter, "Lake City"), and the factual basis that underlies the negligent acts or omissions of Defendant Lake City by and through said nursing and auxiliary personnel, that resulted in injury to Patricia Daniel.

3.

In light of *Northlake Medical Center, LLC v. Queen*, 280 Ga.App. 510 (2006), which held that O.C.G.A. § 9-11-9.2 is preempted by HIPAA, Plaintiff declines to waive any rights she may have under Federal HIPAA law.

4.

Plaintiff hereby states her intention to bring each and every claim permissible under Georgia Law arising from Patricia Daniel's injuries and damages caused by the Defendant, including all individual claims and personal injury claims. Plaintiff seeks all medical expenses, necessary expenses, damages for pain and suffering, and all compensatory, special, actual, consequential, economic, general, punitive, and all other damages permissible under Georgia law.

### PARTIES, JURISDICTION & VENUE

5.

Plaintiff Vicky Patterson is the surviving child of Patricia Daniel, deceased, and there is no surviving spouse and no yet appointed executor, administrator, or temporary administrator for the decedent's estate. Pursuant to O.C.G.A. § 51-4-2 and/or O.C.G.A. § 51-4-3, Vicky Patterson, in

her capacity as a surviving child, is the proper party to bring the wrongful death claim regarding Patricia Daniel.

6.

Vicky Patterson is the Anticipated Administrator of Estate of Patricia Daniel, and is in the process of opening the decedent's estate. As the Anticipated Administrator of the Estate, Vicky Patterson is the proper party to bring all claims that belong to the Estate, including but not necessarily limited to damages for pre-death pain, suffering, mental anguish, fear of imminent death, and shock, as well as funeral and medical expenses.

7.

Lake City Nursing And Rehabilitation Center, LLC (hereinafter, "Lake City"), is a Georgia limited liability company having its principal office at 2055 Rey Road, Lake City, Georgia 30260 which address lies in Clayton County. Its registered agent is United Corporate Services, Inc., 4228 First Avenue Suite 14, Tucker, Georgia 30084 which address lies in DeKalb County. Lake City is subject to the jurisdiction and venue of this Court. Service may be perfected upon Lake City's registered agent.

## FACTUAL ALLEGATIONS

8.

Patricia Daniel, a 73-year-old female, was admitted to Lake City Nursing and Rehabilitation Center (hereinafter, "Lake City") on September 6, 2023, for short-term hospice respite care. She was noted to exhibit symptoms of dementia. Ms. Daniel was noted to have a code status of "FULL CODE."

9.

At the time of Ms. Daniel's admission, Lake City staff were aware of and documented Ms. Daniel's nutritional status and challenges with swallowing.

10.

It was documented in her medical chart that she would be receiving meals and eating in her room, and that she was to receive mechanically soft foods.

11.

A dietitian completed a dietary assessment for Ms. Daniel on September 7, 2023, the day following her admission.

12.

There is no documentation in Ms. Daniel's chart of the type of food she received, and no documentation of scheduled mealtimes.

13.

A note timestamped 4:40 PM on September 7, 2023, notes that at 3:15 PM that day, Ms. Daniel began "having trouble breathing" and that an Ameri-Pro EMT, who was present in the facility, initiated CPR. 911 was called, and Ms. Daniel was taken to Piedmont Henry Hospital.

14.

A note timestamped at 4:36 PM on September 7, 2023, documented that Ms. Daniel was alert and verbally responsive, her respiration regular and unlabored, her skin warm and dry to the touch, that she took medications without problems, that she fed herself after her tray was set up, and that no apparent distress was noted. This note appears to be

inconsistent with the note documenting the patient's status at 3:15 PM and with the records of Clayton County Fire Department.

15.

The Clayton County Fire Department records indicate that Engine 2 responded to Lake City for cardiac arrest related to Ms. Daniel.

16.

Engine 2 is noted to have arrived at Lake City at 3:25 PM and was at Ms. Daniel's bedside at 3:27 PM.

17.

Ms. Daniel was found supine on the bed with EMS and staff performing CPR. Ms. Daniel was noted as unresponsive, pulseless, and apneic. CPR was continued and a Lucas device was applied. An oral airway was noted as in place by staff. An ECG was done, and Ms. Daniel was noted as in V-fib. A shock was delivered, and the rhythm became asystole. Blood was noted in Ms. Daniel's mouth upon removing the oral airway, and blood was present in the ET tube after intubation.

18.

Ms. Daniel was transported to the ER of Piedmont Henry Hospital.

19.

Ms. Daniel remained hospitalized at Piedmont Henry Hospital until October 4, 2023, when she was discharged to Select Specialty Hospital (a long term acute care center) for continued maintenance of her trach.

5

20.

Ms. Daniel remained at Select Specialty Hospital until her ultimate death on November 2, 2023.

21.

An Autopsy Report contains excerpts from Ms. Daniel's records at Lake City, Piedmont Henry Hospital, and Select Specialty Hospital. From these excerpts, Ms. Daniel appears to have had a complicated course of care which culminated on November 2 with what appears to be a respiratory arrest incident which resulted in Ms. Daniel's death.

22.

The Autopsy Report notes that the cause of death for Ms. Daniel was hypoxic-ischemic brain injury as a result of a prolonged cardiac arrest.

23.

The Autopsy Report further notes that it was reported that Ms. Daniel was eating and choked on her food, but that that event was not recorded in the nursing home's records. The Autopsy Report additionally states that if this is found to be the case, during the choking or aspiration event, Ms. Daniel was deprived of sufficient oxygen which likely caused a cardiac arrest, and that it was approximately one hour before her heart was restarted and sustained and sufficient oxygenation was provided via mechanical ventilation.

24.

The Defendant Lake City has acted negligently, directly and/or by and through its actual or apparent employees or agents acting within the course and scope of such actual or apparent employment or agency.

25.

As a result of the Defendant Lake City's negligence, Ms. Daniel suffered injuries, physical and mental pain, suffering, distress, and anguish, and she ultimately died.

### COUNT I

26.

Plaintiff adopts and realleges paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27.

During the course of providing treatment and care to Ms. Daniel, the nursing and auxiliary personnel of Lake City was required to exercise that degree of care and skill ordinarily employed in the nursing profession generally when providing respite care for patients such as Ms. Daniel under the same or similar circumstances as those that existed in September 2023.

28.

Specifically, applicable standards of care in September 2023 required any nursing and auxiliary personnel member caring for a patient such as Ms. Daniel, who had signs of dementia and difficulty swallowing and who was to receive mechanically soft food, in the context of respite care in a nursing and rehabilitation facility, to appropriately care for the patient and to document the patient's chart as to scheduled mealtimes, what food the patient received, and what the patient ate.

29.

Additionally, standards of care would require any nursing and auxiliary personnel member caring for a patient such as Ms. Daniel, who was to receive mechanically soft food, to actually receive mechanically soft food and not food that posed a choking hazard to the patient.

30.

The nurses and auxiliary personnel responsible for caring for Ms. Daniel deviated from appropriate standards of care by negligently failing to properly document Ms. Daniel's mealtimes, the type of food she received, and what she ate at mealtimes.

31.

The nurses and auxiliary personnel responsible for caring for Ms. Daniel additionally deviated from appropriate standards of care by negligently failing to properly ensure that Ms. Daniel actually received only mechanically soft foods.

32.

As a direct and proximate result of the various deviations from applicable standards of care by the nursing and auxiliary personnel of Lake City on or about September 7, 2023, Ms. Daniel choked on non-mechanically-soft food, went into respiratory arrest, and suffered many complications therefrom, including pain, suffering, mental anguish, and ultimately, death; and the Plaintiff is entitled to damages as a result.

33.

At all times relevant to the matters pleaded herein, while nursing and auxiliary personnel of Lake City was treating and caring for Ms. Daniel, they were all actual or apparent employees or agents of Lake City, and were each acting within the course and scope of such actual or apparent employment or agency.

34.

Accordingly, Lake City is vicariously liable, under a theory of respondeat superior, for the negligent deviations from applicable standards of care by the nursing and auxiliary personnel while they were providing respite care for Ms. Daniel at Lake City.

8

WHEREFORE, Plaintiff respectfully demands judgment against Lake City in money damages in excess of $10,000 and costs of Court. Plaintiff demands a trial by jury. Plaintiff requests that this Court grant such other and further relief as is just and appropriate.

Respectfully submitted this August 28, 2024.

BROOKS INJURY LAW, LLC.

_/s/ Joseph S. Knight_
Natanya H. Brooks, Esq.
Georgia Bar No. 341039
Joseph S. Knight, Esq.
Georgia Bar No. 205544
C. Elizabeth Stell, Esq.
Georgia Bar No. 337640
_Attorneys for the Plaintiff_

4036 Wetherburn Way
Peachtree Corners, GA 30092
(678) 813-2202
nhb@brooksinjurylaw.com
jsk@brooksinjurylaw.com
ces@brooksinjurylaw.com

STATE COURT OF
DEKALB COUNTY, GA.
8/28/2024 3:46 PM
E-FILED
BY: Monica Gay

9

# EXHIBIT "A" – Affidavit of Karon Goldsmith, RN, LNC, NHA, CDONA

STATE OF MINNESOTA

COUNTY OF ~~NICOLLET~~ Blue Earth

### AFFIDAVIT OF KARON GOLDSMITH. RN. LNC. NHA. CDONA

COMES NOW KARON GOLDSMITH who, after being duly sworn, does depose and say:

I.

My name is Karon Goldsmith. I am a registered nurse duly licensed to practice nursing in the State of Minnesota. I am of the age of majority. I am a member of the same profession as the practitioners whose conduct is at issue in this affidavit. I have actual professional knowledge and experience in the area of practice or specialty in which my opinion is given in this affidavit, as reflected in this affidavit and in my Curriculum Vitae, which has been attached hereto and incorporated herein by reference as Exhibit "A." At the time I signed this affidavit, and at the time of the negligent acts I discuss herein, I was licensed by an appropriate regulatory agency to practice my profession in the state in which I was practicing and/or teaching in that profession. I am qualified as an expert by virtue of my knowledge, skill, experience, training, and education regarding the issues raised in this affidavit. I am also qualified to give opinions regarding the acceptable standard of care and conduct expected of the professionals whose conduct is at issue in this affidavit, and preceding the negligent acts I discuss herein, with such frequency to establish an appropriate level of knowledge regarding caring for a patient at a nursing and rehabilitation facility for hospice respite care. I have actively practiced and/or taught in my area of specialty for at least three of the last five years both immediately preceding my signing of this affidavit and preceding the negligent acts I

discuss herein. Additionally, I have regularly and routinely taught, trained, and/or supervised many forms of nurses, nursing assistants, certified nursing care technicians, aides, techs, and the like (hereinafter "auxiliary personnel") caring for patients receiving hospice respite care at a nursing and rehabilitation facility with sufficient frequency to have an appropriate level of knowledge regarding the appropriate standard of care to be applied in the fact situation documented herein. The standards of care applicable to caring for a patient receiving hospice respite care in a nursing and rehabilitation facility are the same for all nurses, nursing assistants, certified nursing care technicians, aides, techs, and any other auxiliary personnel who are instructed to care for said patient. In addition, I have experience within the field of quality and safety compliance regulation, as reflected in my CV attached hereto, sufficient to give me an appropriate level of knowledge regarding the policies and procedures relevant to nursing care which industry standards require facilities to have in place when providing hospice respite care to patients such as Patricia Daniel (hereinafter, "Ms. Daniel").

2.

The facts in this case upon which I base my opinions are of a type reasonably relied upon by experts in our particular field.

3.

The testimony I have given herein is the product of reliable principles and methods, and I have applied those principles and methods reliably to the facts of this case in arriving at the opinions I express herein. Further, the primary issues in this case involve principles which are the same or similar for any and all nurses and/or "auxiliary personnel" who care for patients receiving hospice respite care such as Ms. Daniel.

4.

I have been asked to review the care provided to Ms. Daniel by the nurses and/or other "auxiliary personnel" at Lake City Nursing and Rehabilitation Center on or about September 6-7, 2023. In the course of my review, I have read or reviewed copies of medical records from Lake City Nursing and Rehabilitation Center, records from Clayton County Fire Department, and Ms. Daniel's Autopsy Report. Among other things, my review of the above-listed records shows that:

A.    Ms. Daniel, a 73-year-old female, was admitted to Lake City Nursing and Rehabilitation Center (hereinafter, "Lake City") on September 6, 2023, for short-term hospice respite care. She was noted to exhibit symptoms of dementia. Ms. Daniel was noted to have a code status of "FULL CODE."

B.    At the time of Ms. Daniel's admission, Lake City staff were aware of and documented Ms. Daniel's nutritional status and challenges with swallowing.

C.    It was documented that she would be receiving meals and eating in her room, and that she was to receive mechanically soft foods.

D.    A dietitian did a dietary assessment for Ms. Daniel on September 7, the day following her admission.

E.    There is no documentation in Ms. Daniel's chart of the type of food she received, and no documentation of scheduled mealtimes.

F.    A note timestamped 4:40 PM on September 7, 2023, notes that at 3:15 PM

that day, Ms. Daniel began "having trouble breathing" and that an Ameri-Pro EMT, who was present in the facility, initiated CPR. 911 was called, and Ms. Daniel was taken to Piedmont Henry.

G.  A note timestamped at 4:36 PM on September 7, 2023, documented that Ms. Daniel was alert and verbally responsive, her respiration regular and unlabored, her skin warm and dry to the touch, that she took medications without problems, that she fed herself after her tray was set up, and that no apparent distress was noted. This note appears to be inconsistent with the note documenting the patient's status at 3:15 PM and with the records of Clayton County Fire Department.

H.  The Clayton County Fire Department records indicate that Engine 2 responded to Lake City for cardiac arrest.

I.  Engine 2 is noted to have arrived at Lake City at 3:25 PM and was at the patient's bedside at 3:27 PM.

J.  Ms. Daniel was found supine on the bed with EMS and staff performing CPR. Ms. Daniel was noted as unresponsive, pulseless, and apneic. CPR was continued and a Lucas device was applied. An oral airway was noted as in place by staff. An ECG was done and Ms. Daniel was noted as in V-fib. A shock was delivered, and the rhythm became asystole. Blood was noted in Ms. Daniel's mouth upon removing the oral airway, and blood was present in the ET tube after intubation.

K.  Ms. Daniel was transported to the ER of Piedmont Henry Hospital.

L.    The Autopsy Report contains excerpts from Ms. Daniel's records at Lake City, Piedmont Henry Hospital, and Select Specialty Hospital. From these excerpts, Ms. Daniel appears to have had a complicated course of care which culminated on November 2 with what appears to be a respiratory arrest incident which resulted in Ms. Daniel's death.

M.    The Autopsy Report notes that the cause of death for Ms. Daniel was hypoxic-ischemic brain injury as a result of a prolonged cardiac arrest.

N.    The Autopsy Report further notes that it was reported that Ms. Daniel was eating and choked on her food, but that that event was not recorded in the nursing home's records. The Autopsy Report additionally states that if this is found to be the case, during the choking or aspiration event, Ms. Daniel was deprived of sufficient oxygen which likely caused a cardiac arrest, and that it was approximately one hour before her heart was restarted and sustained and sufficient oxygenation was provided via mechanical ventilation.

5.

Upon good information and belief, the nurses and/or other "auxiliary personnel" who provided respite care to Ms. Daniel at Lake City on September 6 and 7, 2023, were employees/agents of Lake City. To the extent there are other healthcare providers who participated in providing respite care to Ms. Daniel, I am of the opinion those such other persons similarly erred and consequently may be responsible for any failures to meet applicable standards of care.

6.

Based on my review of these medical records, and on my background, training, expertise, knowledge, experience, and familiarity with the degree of care and skill ordinarily employed by the nursing profession generally when dealing with like conditions and similar circumstances, I am of the opinion that the applicable standards of care in September 2023 required any nurse and/or "auxiliary personnel" caring for a patient like Ms. Daniel who has signs of dementia and difficulty swallowing and who is to receive mechanically soft food, in the context of respite care in a nursing and rehabilitation facility, to appropriately care for the patient and to document the patient's chart as to scheduled mealtimes, what food the patient received, and what the patient ate.

7.

Based on my review of the medical records, and on my background, training, expertise, knowledge, experience, and familiarity with the degree of care and skill ordinarily employed by the nursing profession generally when dealing with like conditions and similar circumstances, I am of the opinion that the nurses and/or "auxiliary personnel" responsible for caring for Ms. Daniel deviated from the appropriate standards of care by negligently failing to properly document the patient's mealtimes, the type of food she received, and what she ate at mealtimes.

8.

I am additionally of the opinion that standards of care and industry standards applicable to a facility such as Lake City, which accepts patients with signs of dementia and difficulty swallowing, requiring mechanically soft food, such as Ms. Daniel, for short-term respite care, dictate that such facility have a policies and procedures in place requiring the nurses and/or "auxiliary personnel" responsible for monitoring patient nutrition, to document the scheduled mealtimes for a patient, what that patient received as food, and what that patient ate during

mealtimes, and that such facility should additionally take steps to ensure compliance and enforcement of said policies and procedures.

9.

It is my opinion that, as a facility, Lake City deviated from applicable standards of care and industry standards for nursing facilities which accept patients such as Ms. Daniel for short-term respite care, by either failing to have adequate policies and procedures in place requiring nurses and/or "auxiliary personnel" to document a patient's mealtimes, the food provided to the patient, and what that patient ate during mealtimes, or by failing to enforce and ensure compliance with said policies and procedures.

10.

I have not expressed all of my theories of negligence in this affidavit; as I understand Georgia law, I am only required to state one act of negligence for each potential defendant.

11.

All of the opinions I have expressed herein were expressed within a reasonable degree of medical and/or nursing probability.

12.

All of the opinions I have expressed herein constitute my opinions at this time and are based on information which I have been given. I reserve the right to change my opinions if further information is received which impacts on opinions herein given.

13.

I make this affidavit with the understanding that I am attesting that the contents herein are true and correct and knowing that it is being executed for the purpose of being used in

support of a medical malpractice action under Georgia law.

*[Signature page to follow]*

FURTHER AFFIANT SAYETH NOT.

KARON GOLDSMITH, RN

Sworn to and subscribed

Before me this 27 day

Of July, 2024.

 (SEAL)

Notary Public

BRITTANY POEHLER
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/27

# EXHIBIT "A" – Karon Goldsmith, RN, LNC, NHA, CDONA Curriculum Vitae

# Karon Goldsmith, RN, LNC, NHA, CDONA
48362 Old River Bluff Road          Saint Peter, MN  56082
Telephone: 507-737-7817          Email: klg@att.net

## CURRENT PROFESSIONAL SERVICES

- Independent Legal Nurse, Risk Management, and Regulatory Compliance Consultant

## HEALTH CARE EXPERIENCE

**Legal Nurse Consultant/Risk Management Consultant/Clinical Healthcare Consultant**

| | |
|---|---|
| Independent Sole Proprietor Consultant   Saint Peter, MN | 2018 - Present |
| Goldsmith Consulting Associates, Inc.   Chaska, MN/Brevard, NC | 1996 – 2018 |
| Professional Resource Associates, Inc.    Chattanooga, TN | 1988 – 1995 |
| Asheville Health Systems, Inc.    Asheville, NC | 1978 – 1987 |

**Nursing Home/Assisted Living Administrator/Director of Nursing/Clinical Director**

| | |
|---|---|
| Ecumen Prairie Hill and Sand Prairie, Saint Peter, MN | 2022 - 2023 |
| College Walk Senior Living Retirement Community | 2013 - 2018 |
| Hendersonville Health & Rehabilitation, Flat Rock, NC | 2012 - 2013 |
| McIntosh Manor, McIntosh, MN | 2001 - 2002 |
| Pillsbury Board and Care, Minneapolis, MN | 1998 - 2000 |
| Holston Valley Hospital and Medical Center, Kingsport, TN | 1992 - 1994 |
| Britthaven, Inc., N.C. | 1985 - 1988 |

**Nursing Faculty**

| | |
|---|---|
| St.  Paul Community College, St. Paul, MN | 2000 - 2002 |

**Long Term Care State Surveyor**

| | |
|---|---|
| State of North Carolina Medical Review Specialist | 1983 - 1985 |

**Director of Occupational Health/Medicine**

| | |
|---|---|
| Humana Hospital East Ridge, Chattanooga, TN | 1988 - 1990 |
| Steelcase, Inc., Fletcher, NC | 1978 - 1981 |

**Family Nurse Practitioner**

| | |
|---|---|
| Sale Creek Clinic, Sale Creek, TN | 1989 - 1992 |
| Skyland Medical Associates | 1983 - 1985 |

**Registered Nurse**

| | |
|---|---|
| State of Minnesota – Forensic Nursing Home | 2019 - 2019 |
| The Oaks of Brevard, Brevard, NC | 2013 – 2013 |
| Interim Healthcare, Asheville, NC/Bloomington, MN | 1995 - 1997 |
| HCA Park Ridge Hospital, Chattanooga, TN | 1990 - 1992 |
| Hospital Resource Personnel, Chattanooga, TN | 1988 - 1996 |
| Fletcher Hospital, Fletcher, NC | 1969 – 1978 |

**PUBLICATIONS**

>*"Managed Dying: HMO Survival Guide";* Published May 2000

>"*Basic Terminology in Negligence and Malpractice Cases";* The Journal of Legal Nurse Consulting; Published January 2007

>"*Document Discovery in Nursing Home Litigation*"; The Journal of Legal Nurse Consulting; Published April 2007

>"*Legal Nurse Consulting – Principles and Practice*"; Textbook Reviewer – Published January 2010

**BUSINESS OPERATIONS AND SPECIALIZED SKILLS**

| | |
|---|---|
| SOUTHERN APPALACHIAN EXPLORERS, INC., Asheville, NC | 1982 – 1986 |
| PARK'S INSTITUTE OF TAEKWONDO, Chattanooga, TN | 1988 - 1992 |

**EDUCATION/CERTIFICATION/LICENSURE**

| | |
|---|---|
| REGISTERED NURSE – STATE OF NORTH CAROLINA | Licensed 1976 |
| REGISTERED NURSE – STATE OF MINNESOTA | Licensed 1996 |
| NATIONAL ASSOCIATION OF DIRECTOR OF NURSING ADMINISTRATION – CERTIFIED CDONA-LTC | 2014 - 2025 |

KAPLAN UNIVERSITY    2011 - 2012
* *Bachelor of Science Legal Studies*

EAST TENNESSEE STATE UNIVERSITY    1992 – 1994
* *Undergraduate Basic Studies*
* *Gamma Beta Phi Honor Society*

UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL
* *Nursing Home Administration*    Graduated:  1985
* *Family Nurse Practitioner - MAHEC, Asheville, NC*    Graduated:  1982

FLETCHER HOSPITAL SCHOOL OF NURSING, Fletcher, NC
* *Registered Nurse*    Graduated:  1976

**HONORS**

Gamma Beta Phi Honor Society – GPA: 4.0

Dean's List – Kaplan University – 2012

Karon Goldsmith Endowed Nursing Scholarship Fund – Blue Ridge Community College

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

VICKY PATTERSON, as Surviving
Daughter and as Anticipated Administrator
of the Estate of PATRICIA DANIEL,
Deceased,

                             Plaintiff,

v.

LAKE CITY NURSING AND
REHABILITATION, LLC, JOHN DOE 1,
JOHN DOE 2, JOHN DOE 3, ABC
CORPORATION 1, ABC
CORPORATION 2, and ABC
CORPORATION 3,

                             Defendants.

CIVIL ACTION
FILE NO.: 24A04970 _____

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
### TO DEFENDANT LAKE CITY NURSING AND REHABILITATION, LLC

COMES NOW, Plaintiff, Vicky Patterson, as Surviving Daughter and as Anticipated Administrator of the Estate of Patricia Daniel, Deceased, through her undersigned counsel of record and, pursuant to O.C.G.A. § 9-11-36, hereby requests that Defendant Lake City Nursing and Rehabilitation, LLC (hereinafter "Lake City") admit or deny that each of the statements set forth below is true and serve a copy of the answers upon the undersigned counsel of record within the time limits set forth in O.C.G.A. § 9-11-36.

### REQUESTS

1.

Admit that service of process was proper on Lake City Nursing and Rehabilitation, LLC.

2.

Admit that there is no defect in the process issued in this case.

3.

Admit that venue is proper in this case as to Lake City Nursing and Rehabilitation, LLC.

4.

Admit that jurisdiction is proper in this case as to Lake City Nursing and Rehabilitation, LLC.

5.

Admit that Lake City Nursing and Rehabilitation, LLC owns and operates Lake City Nursing and Rehabilitation Center.

6.

Admit that Lake City Nursing and Rehabilitation, LLC is a proper party to this action. If the answer is anything other than an unqualified affirmative response, please identify what legal entity would be a proper party defendant to this case, if the allegations of the Complaint and attached Affidavit were found to be true.

7.

Admit that Nadine Brooks, was acting within the course and scope of her agency or employment with Lake City Nursing and Rehabilitation, LLC when she provided medical care and treatment to Patricia Daniel.

8.

Admit that Filicia Tandongfor, RN, was acting within the course and scope of her agency or employment with Lake City Nursing and Rehabilitation, LLC when she provided medical care and treatment to Patricia Daniel.

9.

Admit that Kandeese Allec was acting within the course and scope of her agency or employment with Lake City Nursing and Rehabilitation, LLC when she provided medical care and treatment to Patricia Daniel.

10.

Admit that Sandra Blue, RN, was acting within the course and scope of her agency or employment with Lake City Nursing and Rehabilitation, LLC when she provided medical care and treatment to Patricia Daniel.

11.

Admit that Eleasha Davis, SSA, was acting within the course and scope of her agency or employment with Lake City Nursing and Rehabilitation, LLC when she provided medical care and treatment to Patricia Daniel.

12.

Admit that Paul Harvey, MD was acting within the course and scope of his agency or employment with Lake City Nursing and Rehabilitation, LLC when he provided medical care and treatment to Patricia Daniel.

13.

Admit that Carla Rapp, LDN, was acting within the course and scope of her agency or employment with Lake City Nursing and Rehabilitation, LLC when she provided medical care and treatment to Patricia Daniel.

14.

Admit that all ancillary staff such as certified nursing assistants, patient care techs or sitters working at Lake City Nursing and Rehabilitation, LLC in September 2023 were acting within the

course and scope of their agency or employment with Lake City Nursing and Rehabilitation, LLC when they provided medical care and treatment to Patricia Daniel.

15.

Admit that all agents or employees of Lake City Nursing and Rehabilitation, LLC who participated in the care and treatment of Patricia Daniel at Lake City Nursing and Rehabilitation Center in September 2023 were acting within the course and scope of their agency or employment with Lake City Nursing and Rehabilitation, LLC.

This August 28, 2024.

BROOKS INJURY LAW, LLC.

*/s/ Joseph S. Knight*
Joseph S. Knight, Esq.
Georgia Bar No. 205544
C. Elizabeth Stell, Esq.
Georgia Bar No. 337640
Natanya H. Brooks, Esq.
Georgia Bar No. 341039
*Attorneys for the Plaintiff*

4036 Wetherburn Way
Peachtree Corners, GA 30092
(678) 813-2202
nhb@brooksinjurylaw.com
jsk@brooksinjurylaw.com
ces@brooksinjurylaw.com

STATE COURT OF
DEKALB COUNTY, GA.
8/28/2024 3:46 PM
E-FILED
BY: Monica Gay

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of  Dekalb_____ County

| For Clerk Use Only | | |
|---|---|---|
| Date Filed  8/29/2024_____ | Case Number | 24A04970 |
| MM-DD-YYYY | | |

**Plaintiff(s)**

Patterson    Vicky

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Lake City Nursing and Rehabilitation, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Joseph Knight, Esq._____    **Bar Number** 205544_____    **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**

☐ Automobile Tort
☐ Civil Appeal
☐ Contract
☐ Garnishment
☐ General Tort
☐ Habeas Corpus
☐ Injunction/Mandamus/Other Writ
☐ Landlord/Tenant
☒ Medical Malpractice Tort
☐ Product Liability Tort
☐ Real Property
☐ Restraining Petition
☐ Other General Civil

**Domestic Relations Cases**

☐ Adoption
☐ Dissolution/Divorce/Separate Maintenance
☐ Family Violence Petition
☐ Paternity/Legitimation
☐ Support – IV-D
☐ Support – Private (non-IV-D)
☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

☐ Contempt
　☐ Non-payment of child support, medical support, or alimony
☐ Modification
☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
Case Number    Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____

STATE COURT OF
DEKALB COUNTY, GA.
8/29/2024 10:14 AM
E-FILED
Version 1.1.18
BY: Camille Boknight

## AFFIDAVIT OF SERVICE

**State of Georgia**                    **County of DeKalb**                    **State Court**

Case Number: 24A04970

Plaintiff: **VICKY PATTERSON, as Surviving Daughter and as Anticipated Administrator of the Estate of PATRICIA DANIEL, Deceased**
vs.
Defendants: **LAKE CITY NURSING AND REHABILITATION, LLC, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, ABC CORPORATION 1, ABC CORPORATION 2, and ABC CORPORATION 3**

For:
Brooks Injury Law
3740 Davinci Court
Suite 150
Peachtree Corners, GA 30092

Received by Absolute Legal Services to be served on **Lake City Nursing and Rehabilitation, LLC Registered Agent: United Corporate Services, Inc.,, 4228 First Avenue Suite 14, Tucker, GA 30084**.

I, Christopher Todd Horton, being duly sworn, depose and say that on the **30th day of August, 2024** at **12:48 pm, I:**

served **Lake City Nursing and Rehabilitation, LLC Registered Agent: United Corporate Services, Inc.,** by delivering a true copy of the **SUMMONS; COMPLAINT FOR DAMAGES; EXHIBITS; GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM; PLAINTIFF'S FIRST REQUEST FOR ADMISSIONSTO DEFENDANT LAKE CITY NURSING AND REHABILITATION, LLC** with the date and hour of service endorsed thereon by me, to: **Barbara Graves**, title: **Paralegal**, a person authorized to accept process for the Company, **Lake City Nursing and Rehabilitation, LLC Registered Agent: United Corporate Services, Inc.,**, at the address of: **4228 First Avenue Suite 14, Tucker, GA 30084.**

**Description** of Person Served: Age: 55, Sex: F, Race/Skin Color: White, Height: 5'5", Weight: 140, Hair: Blonde, Glasses: Y

I certify that I am a citizen of the United States over the age of 18 and have no interest in the above-styled case.

Signed and sworn before me on the 30th day of _____, 20___ by the affiant who is personally known to me or produced identification.

NOTARY PUBLIC

*TIFFANY HORTON*
*NOTARY*
*EXPIRES*
*GEORGIA*
*5-18-2027*
*PUBLIC*
*GWINNETT COUNTY*

**Christopher Todd Horton**
Process Server ID No. CPS243

**Absolute Legal Services**
**930 New Hope Road**
**Suite 11-110**
**Lawrenceville, GA 30045**
**(770) 736-8106**

Our Job Serial Number: RBC-2024002292
Ref: PATTERSON,

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

## AFFIDAVIT OF SERVICE

State of Georgia                County of DeKalb                State Court

Case Number: 24A04970

Plaintiff: **VICKY PATTERSON, as Surviving Daughter and as Anticipated Administrator of the Estate of PATRICIA DANIEL, Deceased**
vs.
Defendants: **LAKE CITY NURSING AND REHABILITATION, LLC, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, ABC CORPORATION 1, ABC CORPORATION 2, and ABC CORPORATION 3**

For:
Brooks Injury Law
3740 Davinci Court
Suite 150
Peachtree Corners, GA 30092

Received by Absolute Legal Services to be served on **Lake City Nursing and Rehabilitation, LLC Registered Agent: United Corporate Services, Inc.,, 4228 First Avenue Suite 14, Tucker, GA 30084**.

I, Christopher Todd Horton, being duly sworn, depose and say that on the **3rd day of September, 2024** at **11:13 am, I:**

served **Lake City Nursing and Rehabilitation, LLC Registered Agent: United Corporate Services, Inc.,** by delivering a true copy of the **PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT LAKE CITY NURSING AND REHABILITATION, LLC; PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LAKE CITY NURSING AND REHABILITATION, LLC** with the date and hour of service endorsed thereon by me, to: **Julius Sherman**, title: **Process Specialist**, a person authorized to accept process for the Company, **Lake City Nursing and Rehabilitation, LLC Registered Agent: United Corporate Services, Inc.,,** at the address of: **4228 First Avenue Suite 14, Tucker, GA 30084**.

**Description** of Person Served: Age: 33, Sex: M, Race/Skin Color: Black, Height: 5'10", Weight: 175, Hair: Black, Glasses: N

I certify that I am a citizen of the United States over the age of 18 and have no interest in the above-styled case.

Signed and sworn before me on the ___ day of _____, ____ by the affiant who is personally known to me or produced identification.

_____
NOTARY PUBLIC

**Christopher Todd Horton**
Process Server ID No. CPS243

**Absolute Legal Services**
**930 New Hope Road**
**Suite 11-110**
**Lawrenceville, GA 30045**
**(770) 736-8106**

Our Job Serial Number: RBC-2024002318
Ref: PATTERSON

TIFFANY HORTON
NOTARY
EXPIRES
GEORGIA
5-18-2027
PUBLIC
GWINNETT COUNTY

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

STATE COURT OF
DEKALB COUNTY, GA.
9/9/2024 3:10 PM
E-FILED
BY: Camille Boknight